**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| SUSAN V. KLAT, | |
| *Plaintiff,* | |
| v. | Civil Action No. 25-04509 (AHA) |
| PAMELA J. BONDI, *et al.*, | |
| *Defendants.* | |

**Memorandum Opinion**

Susan V. Klat filed this pro se suit for damages against several federal judges, prosecutors, a clerk of court, the Attorney General, and the Director of the Administrative Office of the U.S. Courts in their individual capacities. Klat complains of the defendants' handling of several cases she filed in federal court and subsequent civil rights and administrative claims related to those cases. For the reasons below, the court dismisses the amended complaint.

**I.    Background**

The amended complaint describes a series of civil rights lawsuits Klat filed in the United States District Court for the Southern District of California related to the police shooting of her grandson, each of which appears to have been dismissed. ECF No. 4 ¶¶ 10–13. She complains that the defendants' handling of each of those cases was "incongruent with prior federal law decisions," and contrary to "sanctioned discretionary practice permitted under federal law." *Id*. According to the amended complaint, the defendants "fabricat[ed] a series of misleading orders designed to block [her] from accessing federal court for answers and relief." *Id.* ¶ 1. Klat also alleges that she filed a civil rights complaint and administrative claims, which remain unresolved, with the U.S.

Attorney's Office, the Attorney General, and the Director of the Administrative Office of the U.S. Courts related to the suits she filed in the Southern District of California. *Id.* ¶¶ 14–16. The amended complaint seeks damages under 42 U.S.C. § 1983 and also describes the case as a "Bivens Action." *Id.* at 2, 9–10.

## II.    Discussion

To survive dismissal for lack of subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1), a plaintiff must show that the court has subject matter jurisdiction to hear their claim. *See Shuler v. United States*, 531 F.3d 930, 932 (D.C. Cir. 2008). The court must "assume the truth of all material factual allegations in the complaint and 'construe the complaint liberally, granting plaintiff the benefit of all inferences that can be derived from the facts alleged,' and upon such facts determine jurisdictional questions." *Am. Nat'l Ins. Co. v. FDIC*, 642 F.3d 1137, 1139 (D.C. Cir. 2011) (citations omitted). A court may dismiss a complaint on its own accord under Federal Rule of Civil Procedure 12(h)(3) when it clearly lacks subject matter jurisdiction. *Evans v. Suter*, No. 09-5242, 2010 WL 1632902, at *1 (D.C. Cir. Apr. 2, 2010). And to survive dismissal for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6), a complaint must "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). The court "must take all the factual allegations in the complaint as true," though it is "not bound to accept as true a legal conclusion couched as a factual allegation." *Papasan v. Allain*, 478 U.S. 265, 286 (1986). Under Rule 12(b)(6), the court may dismiss a complaint *sua sponte* if "the plaintiff cannot possibly win relief." *Best v. Kelly*, 39 F.3d 328, 331 (D.C. Cir. 1994).

In cases like this involving an unrepresented or "pro se" litigant, the court is careful to give extra leeway. The court evaluates the complaint "in light of all filings, including filings responsive to a motion to dismiss." *Ho v. Garland*, 106 F.4th 47, 50 (D.C. Cir. 2024) (quotation marks omitted) (quoting *Brown v. Whole Foods Mkt. Grp., Inc.*, 789 F.3d 146, 152 (D.C. Cir. 2015)). Of course, an unrepresented plaintiff still "must plead factual matter that permits the court to infer more than the mere possibility of misconduct." *Jones v. Horne*, 634 F.3d 588, 596 (D.C. Cir. 2011) (quotation marks omitted) (quoting *Atherton v. D.C. Off. of Mayor*, 567 F.3d 672, 681–82 (D.C. Cir. 2009)). While "detailed factual allegations" are not necessary, the plaintiff must furnish "more than labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555.

The court concludes that the amended complaint must be dismissed for lack of subject matter jurisdiction and failure to state a claim. First, to the extent Klat's claim seeks review of proceedings in the United States District Court for the Southern District of California, this court does not have jurisdiction to consider it. "A federal district court lacks jurisdiction to review decisions of other federal courts." *Klayman v. Rao*, 49 F.4th 550, 552 (D.C. Cir. 2022) (quoting *Smalls v. United States*, 471 F.3d 186, 192 (D.C. Cir. 2006)). Instead, "[t]he proper court in which to challenge the decision of a district court is the appropriate appellate court." *Tucker v. Dep't of Army*, No. 02-5178, 2002 WL 31741510, at *1 (D.C. Cir. Dec. 6, 2002). Here, the United States District Court for the Southern District of California appears to have dismissed several cases brought by Klat. ECF No. 4 ¶¶ 9–13. The amended complaint alleges the dismissals in those cases were "incongruent with prior federal law decisions" and barred the plaintiff from redressing her grievances and "accessing review using the federal court forum." *Id.* at 10–13. To the extent Klat's

3

claim asks this court to review actions of another federal district court, it is beyond this court's jurisdiction.

Additionally, to the extent Klat seeks to sue judges, prosecutors, and the Clerk of Court for damages, that claim fails at the outset. Judges and prosecutors enjoy absolute immunity from suits for damages for actions taken in their judicial and prosecutorial capacities. *See Sindram v. Suda*, 986 F.2d 1459, 1460 (D.C. Cir. 1993) (per curiam) ("Judges enjoy absolute judicial immunity from suits for money damages for all actions taken in the judge's judicial capacity, unless these actions are taken in the complete absence of all jurisdiction."); *Imbler v. Pachtman*, 424 U.S. 409, 431 (1976) (holding that prosecutors are immune from civil damages suits when "initiating a prosecution" and "presenting the [government's] case"). Moreover, the immunity that judges enjoy extends to clerks of court performing "tasks that are an integral part of the judicial process." *Sindram*, 986 F.2d at 1460. The amended complaint challenges the actions of federal judges, federal prosecutors, and the Clerk of Court related to the disposition of four cases in federal court. The activities Klat appears to challenge—the presentation and disposition of cases—plainly fall within the routine functions of prosecutors and judges, respectively. And Klat clearly understood these defendants to be acting in their official capacities—the amended complaint even acknowledges that these defendants were "performing within the scope of their official duties and powers granted under federal authority, for the alleged acts, constitutional violations, and damages claimed." ECF No. 4 ¶ 6.

Moreover, to the extent the amended complaint's allegations arise from the Attorney General's failure to investigate, they are not reviewable. "Because prosecutorial discretion lies within the executive's sphere, the exercise of such discretion is not generally reviewable by the courts." *Frederick Douglass Found., Inc. v. District of Columbia*, 82 F.4th 1122, 1136 (D.C. Cir.

2023). Accordingly, courts routinely dismiss claims that "stem from [a prosecutor's] alleged failure to investigate and prosecute alleged crimes." *Kidwell v. FBI*, 813 F. Supp. 2d 21, 28 (D.D.C. 2011). Klat alleges that she filed a civil rights complaint with the Attorney General, but "the contents of this civil rights complaint remain unaddressed." ECF No. 4 ¶ 15. The Attorney General's failure to investigate or prosecute an alleged civil rights violation is precisely the type of discretionary decision that is unreviewable by the court.

Finally, any remaining allegations, including those against Robert J. Conrad, the Director of the Administrative Office of the U.S. Courts, fail to plausibly state a claim for relief. The amended complaint includes a claim under 42 U.S.C. § 1983 but is also styled as a "Bivens Action." ECF No. 4 at 2, 9. The amended complaint fails to state a claim under § 1983 because "[s]ection 1983 does not apply to federal officials acting under color of federal law." *Settles v. U.S. Parole Comm'n*, 429 F.3d 1098, 1104 (D.C. Cir. 2005). And Klat fails to plausibly allege any facts that give rise to a *Bivens* claim. To state a *Bivens* claim, a plaintiff must "plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Iqbal*, 556 U.S. at 676. Klat provides only the conclusory assertion that the defendants committed "First, Fifth, and Fourteenth Amendment violations" that hindered her "ability to receive fair and impartial treatment in the same manner afforded to licensed attorneys accessing federal court." ECF No. 4 ¶¶ 17–18. As to Conrad, the amended complaint alleges that Klat filed two different "Government Tort Claim[s]" seeking reimbursement for various court costs—one filed with the U.S. Attorney's office, which was "copied to" Conrad, and a second filed directly with Conrad, which "will most likely need to be decided in a separate Federal Claims Court lawsuit." ECF No. 4 ¶¶ 14, 16. The amended complaint does not provide any plausible theory for a violation of her constitutional rights by Conrad. *See Partovi v. Matuszewski*, 647 F.

5

Supp. 2d 13, 21 (D.D.C. 2009), *aff'd*, No. 09-5334, 2010 WL 3521597 (D.C. Cir. Sept. 2, 2010) (dismissing complaint where "the facts alleged in the complaint, which are accepted as true, fail to show that defendants' conduct violated a constitutional right"); *Saunders v. Reno*, No. 93-cv-1829, 1993 WL 771009, at *4 (D.D.C. Dec. 20, 1993), *aff'd*, No. 94-5007, 1994 WL 541497 (D.C. Cir. May 12, 1994) (dismissing complaint where the allegations "lack reference to any specific facts or acts that would constitute a constitutional violation"). Nor does the amended complaint provide any plausible allegations that would constitute a constitutional violation as to any of the other defendants. *See Caldwell v. Obama*, 6 F. Supp. 3d 31, 48 (D.D.C. 2013) (dismissing *Bivens* claim where the "allegations amount merely to disagreement with the official actions taken by government officials with regards to the plaintiff's prior legal proceedings"). In any event, even if the amended complaint plausibly alleged a constitutional violation, it would not fall into one of the three circumstances in which the Supreme Court has approved a *Bivens* cause of action, and "expanding the *Bivens* remedy is now a 'disfavored' judicial activity." *Ziglar v. Abbasi*, 582 U.S. 120, 135 (2017) (citation omitted); *see Zavadovsky v. Rabl*, No. 24-cv-1997, 2025 WL 2466024, at *13 (D.D.C. Aug. 27, 2025) (explaining that "[t]he Supreme Court has approved a *Bivens* cause of action in only three cases: *Bivens* (Fourth Amendment search and seizure violations), *Davis v. Passman* (Fifth Amendment gender discrimination claim), and *Carlson v. Green* (inadequate medical care for prisoners violating the Eighth Amendment)"). Accordingly, Klat "cannot possibly win relief." *Best v. Kelly*, 39 F.3d 328, 331 (D.C. Cir. 1994).[1]

---

[1] Plaintiff also seeks to sue "DOES 1 – 25" because she "is unaware of the names of any potential collaborating agents or other individuals employed by the United States District Court for the Southern District of California." ECF No. 4 ¶ 7. Courts should only allow actions to "proceed against a party whose name is unknown if the complaint makes allegations specific enough to permit the identity of the party to be ascertained after reasonable discovery." *Hartley v. Wilfert*, 931 F. Supp. 2d 230, 233 (D.D.C. 2013). Klat makes no specific allegations as to the unnamed defendants, and her claim against them must therefore be dismissed.

**III.    Conclusion**

For these reasons, the court dismisses Klat's amended complaint without prejudice. A separate order accompanies this memorandum opinion.

 

 

_____
AMIR H. ALI
United States District Judge

Date:    January 16, 2026